```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
LINDA A. BECKMAN,

                    Plaintiff,
                                            MEMORANDUM & ORDER
          -against-                         21-CV-4373(JS)(AKT)

JAMES PENA AYAN GROUP, INC.;
FABIOLA C. MULLER,

                    Defendants.
----------------------------------X
APPEARANCES
For Plaintiff:      Linda A. Beckman, pro se
                    865 Old Country Road Suite 234
                    Riverhead, New York 11901

For Defendants:     No appearance.
```

SEYBERT, District Judge:

On August 3, 2021, Linda A. Beckman ("Plaintiff"), proceeding pro se, filed a Complaint in this Court but did not remit the filing fee or file an application to proceed in forma pauperis.[1] (See Compl., ECF No. 1.) By Notice of Deficiency dated August 4, 2021, Plaintiff was instructed to either remit the $402.00 filing fee or file the enclosed application to proceed in forma pauperis within fourteen (14) days in order for her case to proceed. (See Notice, ECF No. 2.) The Notice warned Plaintiff that the Complaint may be dismissed for failure to prosecute if

---

[1] Plaintiff annexed a one-page "Motion Request to Continue this Civil Action Under Poor Person Status" to her Complaint. However, this submission does not include sufficient information for the Court to assess her qualification to proceed in forma pauperis.

she did not timely comply.  (See id.)

Although Plaintiff has not responded to the Notice, the Court has reviewed her Complaint and finds that the Court lacks subject matter jurisdiction to adjudicate her claims. Accordingly, the Complaint is sua sponte DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 12(h)(3) for lack of subject matter jurisdiction.  The Court directs the Clerk of the Court to enter judgment accordingly, mark this case CLOSED, and mail a copy of this Order to the pro se Plaintiff at her address of record.

### BACKGROUND[2]

Plaintiff's Complaint is submitted on the Court's general complaint form and is brief.  Plaintiff alleges that she resides in Riverhead, New York.  (Compl. ¶ I.A.)  Plaintiff further alleges that defendant James Peng is also located in Riverhead, New York, and that defendant Ayan Group, Inc. has its principal place of business in New York.  (Id. ¶¶ I.B, II.B.2.a-b.)  The other defendant, Fabiola C. Muller, is alleged to reside in Center Moriches, New York.  (Id. ¶ I.B.)  Plaintiff has checked the box on the form Complaint to allege the basis of this Court's subject matter jurisdiction is diversity of citizenship and

---

[2] Excerpts from the Complaint are reproduced here exactly as they appear in the original.  Errors in spelling, punctuation, and grammar have not been corrected or noted.

alleges that the amount in controversy is $11,000.00. (Id. ¶¶ II, II.B.3.) However, in the space on the form that calls for the "specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case," Plaintiff wrote: "Liability respondent: Emotional distress against defendants." (Id. ¶ II.A.)

Plaintiff has annexed a single, handwritten page to her Complaint entitled "Statement of Claim" that alleges the following it its entirety:

> Failure to train or supervise or discipline: Fabiola Muller did harass and threaten Plaintiff: Linda Beckman by banging on her door telling her to get out you have not paid your rent: dated 9-11-2020 and yelling and screaming at Plaintiff. About 5:00 p.m. on 9-16-2020 defendant again banging on Plaintiff's door with her co-worker yelling and screaming at Plaintiff Linda Beckman about a bill time about 5:00 p.m. So be that as it may: when did a supervisor of house cleaning become a respondent "superior".

(Statement of Claim, ECF No. 1-1, attached to Compl.) Notably, the bottom of the page reads: "Represented by Brontie O'Neal"[3] and is then signed "Linda Beckman." (See id.)

DISCUSSION

I. Subject Matter Jurisdiction

Notwithstanding the liberal pleading standard afforded pro se litigants, federal district courts are courts of limited

---

[3] Brontie O'Neal, a frequent pro se Plaintiff in this Court, is not a lawyer and thus cannot represent Ms. Beckman.

3

jurisdiction and may not preside over cases if they lack subject matter jurisdiction. Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). Unlike lack of personal jurisdiction, lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the Court sua sponte. Id. "If subject matter jurisdiction is lacking, the action must be dismissed." Id. at 700-01; see also FED. R. CIV. P. 12(h)(3).

The basic statutory grants of subject matter jurisdiction are embodied in 28 U.S.C. §§ 1331 and 1332. Arbaugh v. Y & H Corp., 546 U.S. 500, 513 (2006). Section 1331 provides federal question jurisdiction and Section 1332 provides jurisdiction based on diversity of citizenship. Id. A plaintiff properly invokes Section 1332 jurisdiction when he presents a claim between parties of complete diverse citizenship and the amount in controversy exceeds $75,000. Id. Subject matter jurisdiction may be established pursuant to Section 1331 where a claim arises under the "Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. "A plaintiff properly invokes § 1331 jurisdiction when he pleads a colorable claim 'arising under' the Constitution or laws of the United States." Arbaugh, 546 U.S. at 513 (citation omitted). A claim alleging federal question subject matter jurisdiction "may be dismissed for want of subject matter

4

jurisdiction if it is not colorable, i.e., if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" Id. at 513 n.10 (citation omitted).

Here, although Plaintiff seeks to invoke this Court's jurisdiction based on diversity of citizenship, she alleges that all of the parties are citizens of New York. Thus, this case lacks complete diversity between parties as the Defendants are expressly alleged to be citizens of New York, the same state as Plaintiff. Moreover, Plaintiff does not allege that the amount in controversy exceeds the sum or value of $75,000.00. Accordingly, Plaintiff has not established this Court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

In an abundance of caution and in light of her pro se status, the Court has also considered whether this Court's federal question subject matter jurisdiction may be invoked. Plaintiff does not allege that her claims arise under any federal laws, and the Court is unable to discern from the Complaint any legal theory that would provide relief to Plaintiff under federal law. Rather, liberally construing the Complaint, it appears that Plaintiff seeks to pursue state law tort claims. Accordingly, Plaintiff has failed to properly invoke this Court's federal question subject matter jurisdiction.

Although courts hold pro se complaints "to less stringent standards than formal pleadings drafted by lawyers," Hughes v. Rowe, 449 U.S. 5, 9 (1980), pro se litigants still must establish subject matter jurisdiction to avoid dismissal. See, e.g., Rene v. Citibank N.A., 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing pro se complaint for lack of subject matter jurisdiction). Accordingly, Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 12(h)(3). Plaintiff may pursue any state law claims she may have against Defendants in state court.

## II. Leave to Amend

Given the Second Circuit's guidance that a pro se complaint should not be dismissed without leave to amend unless amendment would be futile, Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here. Because the Court lack's subject matter jurisdiction, however, leave to amend the Complaint is DENIED.

## CONCLUSION

For the reasons set forth above, Plaintiff's Complaint is sua sponte DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and FED. R. CIV. P. 12(h)(3).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3)

that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of the Court is directed to mail a copy of this Memorandum & Order to the Plaintiff and to mark this case CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August  20 , 2021
       Central Islip, New York

7